WILLIAM HOWZE *vs.* THOMAS C. HOWZE, JR., AND OTHERS.

The rule in the case· of *Kennedy,* (ante, p. 216,) that homestead exemptions in their bearing on antecedent debts are not unconstitutional, re-affirmed.

The homestead exemption allowed by the Constitution may be claimed for the benefit of the family of a decedent in other cases than those provided for by the 4th Section of the Act of September 9, 1868.

It is competent for the Circuit Court, through its general jurisdiction, to set off and assign homesteads in proper cases.

Where the head of the family was dead when the Constitution was adopted, it should be made to appear, it seems, that the premises claimed as a homestead were held as a family homestead since the Constitution became operative, and the order setting it off should establish the exemption through the head of the family for the time being.

BEFORE THOMAS, J., AT CHESTER, SEPTEMBER TERM, 1869.

Appeal from the Circuit decree, the case being as follows :

William Howze died intestate in February, 1865, leaving several children, one of whom, Samuel Capers Howze, is a minor. The plaintiff, his administrator, filed this bill against the children and some creditors of the intestate, alleging that the personal assets were insufficient to pay the debts, and praying, *inter alia,* that the real estate, consisting of a tract of land known as the Home Plantation, and the intestate's share of another tract, of which he and another person were tenants in common, be sold for payment of debts.

Samuel Capers Howze answered, by guardian *ad litem,* and, stating that the intestate resided on the home plantation at the time of his death, claimed that a homestead thereon should be set apart for the benefit of the defendant, and whoever else was entitled thereto.

His Honor the presiding Judge made a decree, as follows :

THOMAS, J.   After hearing the bill and answer of Samuel C. Howze, minor, defendant, by his guardian *ad litem,* John G. Howze, and on motion of John J. McLure, defendant's solicitor, it is *Ordered,* That a writ do issue, under the seal of this Court, directed to Elihu Lynn, John O. Harden and Stephen R. Ferguson, Commissioners, commanding and requiring them to admeasure and lay off to Samuel Capers Howze, a homestead in the tract of land described in complainant's bill as the Home Plantation, containing two hundred acres, more or less, and whereon William Howze, deceased, resided at the time of his death, and that they do make their return to this Court.

The creditors, parties defendant to the bill, appealed from this decree, and moved this Court to reverse the same, on the grounds :

1. Because the 32d Section of the Second Article of the Constitution of this State, and the Act of the Legislature " to determine and perpetuate the homestead," are in violation of the 10th Section of the first Article of the Constitution of the United States.

2. Admitting the constitutionality of the said Section of the Constitution and Act of the Legislature, this case does not come within the provisions of said Act, inasmuch as the right of homestead, for the benefit of the widow and minor children, only extends to those cases where the right existed in the head of the family at his death, which was not the fact in this case.

3. Because the right of homestead is allowed to the *widow and minor children* of the head of the family, whereas there is no widow in this case.

4. Because the Act of the Legislature provides that the homestead should be assigned to the head of the family, when his real estate should be " *levied upon* by virtue of any mesne or final process from any Court," whereas no levy was made in this case, no order for sale was made, or asked for at the hearing by the solicitors of the creditors or administrator, they expressly stating that they asked for no such order at that time.

5. Because, by the Act of the Legislature, the power to set off a homestead for the benefit of the widow and minor children belongs, exclusively, to the Probate Court, and the Circuit Court has no jurisdiction therein.

*Hemphill,* for appellant, cited Constitution U. S., Art. I, Sec. 10 ; *State* vs. *Carew,* 13 Rich., 510 ; *Mathers* vs. *Bush,* 16 Johns., 233 ; 1 Kent Com., 419, 455, 456, and notes; Homestead Act, 14 Stat., 22.

*McLure,* contra.

Nov. 30, 1870.    The opinion of the Court was delivered by

WILLARD, A. J: This is an appeal from an order allowing a homestead exemption to Samuel C. Howze, infant son of William Howze, deceased. The bill was filed by the administrator of the estate of Wm. Howze, making the distributees and creditors partners, and asked, among other things, that the real estate of his intestate might be sold to pay the debts of the estate. S. C. Howze answered by guardian, claiming a homestead out of certain lands of which his father died seized. The allegations of the answer bearing upon the question of homestead are to the effect that the

father of such infant defendant was seized and possessed of the land out of which the homestead is claimed, and resided there at the time of his death. That, as defendant is advised, S. C. Howze, being a minor, is entitled therein to the benefit of the Act of the General Assembly to determine and perpetuate the homestead, and he submits that such homestead should be laid off out of said tract of land, and assigned to "respondent and whosoever may be entitled thereto," and that the remainder of the tract may be sold to pay the debts of the estate.

No testimony appears to have been taken in support of the averments of this answer, but an order was made appointing Commissioners to "admeasure and lay off to Samuel Capers Howze a homestead in the tract of land described in complainant's bill as the Home Plantation, containing two hundred acres, more or less, and whereon William Howze, deceased, resided at the time of his death, and that they do make their return to this Court."

The first ground of appeal involves the question of the constitutionality of the homestead regulations in their bearing on antecedent debts. We have already decided this question adversely to the appellant's view in the case of *Kennedy* (ante, p. 216.)

The second ground of appeal is based upon the idea that homestead exemption cannot be claimed in behalf of the family of a deceased debtor, except in the case provided in the fourth Section of the Act to determine and perpetuate the homestead, passed September 9, 1868.

This is a misapprehension. The Constitution itself (Sec. 32, Art. II,) establishes the right in all cases falling within its terms, leaving to the Legislature the duty of enforcing its provisions by suitable legislation. The purport of Section 4 is to provide for the continuance of the right in the family of one possessed of such right at the time of his death. In the present case, the ancestor died in 1865, previous to the adoption of the homestead regulations, and as he was not at his decease possessed of such homestead right, the provisions of the fourth Section have no direct application to such case.

As we have already held, in the case of *Kennedy*, if there was a family and a family homestead existing at the adoption of the Constitution, that instrument immediately acted upon such family, through its proper head, by way of conferring the right of exemption.

The 3rd, 4th and 5th grounds of appeal are likewise based upon

the idea that the homestead exemption can only be claimed under the terms of the Act and through the modes of proceeding there pointed out.

It is only necessary to say, that when no special mode of proceeding is pointed out by the Act, the Circuit Court is competent, through its general jurisdiction, to afford relief. The Act (Sections 1st and 2d,) provides a mode of proceeding in the case of process affecting the property of the debtor at large. Section 5 confers jurisdiction on the Probate Court in cases arising under Section 4. The present case does not fall within the provisions of either Sections 1, 2 or 5, and therefore the 3d, 4th and 5th grounds of appeal are inapplicable to the case.

There is, however, a difficulty in the way of affirming the order, arising from the fact that it does not appear to have been established that the premises have been held by a family as a family homestead at any time since the provisions of the Constitution have become operative. Nor does it appear that S. C. Howze is the head of any family, so as to authorize the homestead to be laid out to him directly and in name. Assuming that any member of the family has a right to demand, for the benefit of the family, the exemption, still the order for its assignment should conform to the Constitution and the Act, by allowing or establishing such exemption through the head of the family for the time being.

It will be necessary to reverse the order appealed from, and to send the case to the Circuit Court for further proceedings.

It is ordered, adjudged and decreed, that the order in the above entitled cause appealed from be reversed and annulled, and that the cause be remanded to the Circuit Court, with liberty to the parties to offer such proofs touching the claim of right to a homestead exemption, made by the infant defendant, S. C. Howze, as they may be advised, and for a hearing and final order upon the pleadings and such proofs as may be offered thereunder.

*Moses,* C. J., and *Wright,* A. J., concurred.