Jared James **KOZOWAY**, Plaintiff,

v.

**MASSEY–FERGUSON, INC.,** a Maryland corporation, and Vermeer Manufacturing Company, an Iowa corporation, Defendants.

No. 89–C–190.

United States District Court,
D. Colorado.

Oct. 10, 1989.

H. Keith Jarvis and John O. Rauch, Montgomery, Green, Jarvis, Kolodny & Markusson, Denver, Colo., for plaintiff.

Thomas S. Rice, Greengard Senter Goldfarb & Rice, Denver, Colo., for Massey–Ferguson, Inc.

Kenneth H. Lyman, Hall & Evans, Denver, Colo., for Vermeer Mfg. Co.

## ORDER

CARRIGAN, District Judge.

In July, 1987, the plaintiff lost both his arms above the elbow in the compression

rollers of a Massey–Ferguson MF560 large round hay baler while he was operating the machine on his family's farm in Alberta, Canada. Plaintiff is, and was at the time of the accident, a resident and citizen of the Province of Alberta.

The hay baler was manufactured in 1978 for the defendant Massey–Ferguson a Maryland corporation, by Vermeer Manufacturing Company ("Vermeer"), an Iowa corporation. It was ordered by Massey–Ferguson Industries Limited, a Canadian corporation, and shipped directly to a Canadian dealership for sale in Canada. Both Vermeer and Massey–Ferguson have their principal places of business in Iowa. Massey–Ferguson has been doing business in Colorado since 1928.

Plaintiff has asserted claims alleging strict liability in tort (failure to warn), negligence, and willful and wanton conduct. The parties have thoroughly briefed the issues for the purpose of determining the proper choice-of-law to be applied in this litigation. Oral argument would not assist the decision process. Jurisdiction is based on 28 U.S.C. § 1332(a).

Since jurisdiction is based on diversity of citizenship, Colorado choice-of-law rules apply. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In tort actions, the Colorado Supreme Court applies the law of the state having "the most significant relationship with the occurrence or the parties" as defined in the *Restatement (Second) of Conflict of Laws* § 145 (1969). *First National Bank in Fort Collins v. Rostek*, 182 Colo. 437, 514 P.2d 314, 320 (1973). Section 145 provides in relevant part:

(1) The rights and liabilities of the parties with respect to an issue in tort are to be determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

In addition to relying on the standards set out in Section 145, *Rostek* requires application of the Restatement's rules governing specific types of torts. *See Rostek* 514 P.2d at 320. In this case, *Restatement (Second) Conflict of Laws* § 146 (1969), which applies to personal injury actions, creates a presumption that the law of the state where the injury occurred shall be utilized unless some other state has "a more significant relationship under the principles stated in § 6."

*Restatement (Second) Conflict of Laws* § 6 (1969) provides the following factors for consideration with sections 145 and 146 to determine the proper choice-of-law:

(a) the needs of the interstate and international systems,

(b) the policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

Prior decisions by Colorado courts demonstrate that the presumption favoring the law of the state where the injury occurred can be overcome by applying the principles of the "most significant relationship" test. *See Rostek* 514 P.2d at 320 (Colorado law applied where injury occurred in South Dakota); *Sabell v. Pacific Intermountain*

*Express Co.*, 36 Colo.App. 60, 536 P.2d 1160 (1975) (Colorado comparative negligence law applied where injury occurred in Iowa); *see also Kinnett v. Sky's West Parachute Center, Inc.*, 596 F.Supp. 1039 (D.Colo.1984) (Wyoming law applied where mid-air collision was over Colorado and defendants' principle places of business were in Colorado).

The Colorado Supreme Court, however, has not adopted a choice-of-law rule for the types of claims here at issue. In the absence of such guidance, I must analyze the facts in an effort to discern which jurisdiction has the "most significant relationship" to this litigation. *See Rostek*, 514 P.2d at 320; *see also Dallison v. Sears, Roebuck and Co.*, 313 F.2d 343, 347 (10th Cir.1962).

Plaintiff argues that either Colorado or Iowa law should be applied, but expresses no preference between the two. Defendant contends that the law of Alberta, Canada, is applicable.

The option of applying Colorado law can be dispensed with quickly. The Colorado Supreme Court in *Rostek* considered using the law of the forum as an approach for choosing the governing law, but rejecting that approach in adopting the "most significant relationship" test. *Rostek* 514 P.2d at 318, 320. Colorado has no special relationship to the current controversy except for being the chosen forum. Thus the choice must be between Iowa law and the Canadian law applied in the Province of Alberta, for both of these jurisdictions have more significant contacts than does Colorado.

Iowa law provides for strict liability in products liability tort actions. *See Hawkeye Security Ins. Co. v. Ford Motor Co.*, 199 N.W.2d 373, 381 (Iowa 1972). However, in Alberta, applicable Canadian law would restrict the injured plaintiff to recovery only upon proof of negligence. *See Phillips v. Ford Motor Co.*, (1971) 2 O.R. 637 (C.A.). Both Alberta and Iowa employ comparative fault to reduce verdicts where causal fault is attributed to the plaintiff. *See* Contributory Negligence Act, *Alta. Rev.Stat.* ch. C–23, s.1 (1980). But Iowa law bars recovery if the plaintiff's fault exceeds 50% of the total fault causing the injury. *Iowa Code Ann.* § 668.3 (1986); *Slager v. HWA Corporation*, 435 N.W.2d 349 (Iowa 1989).

Canada recognizes the defense of assumption of the risk as a total bar to recovery. *Lambert v. Lastoplex Chemical Co.*, (1972) S.C.R. 569. On the other hand assumption of the risk is not an absolute defense in Iowa, but is a defense to be weighed in the comparative fault equation. *Arnold v. City of Cedar Rapids*, 443 N.W.2d 332, 333 (Iowa 1989).

Both Canada and Iowa allow for punitive and exemplary damages, but Canada has a cap on such damages. *Andrews v. Grand & Toy Alta. Ltd.*, 2 S.C.R. 229, 83 D.L.R. (3d) 452 (1978); *Arnold v. Teno* 2 S.C.R. 287, 83 D.L.R. (3d) 609 (1978); *Thornton v. Prince George Bd. of School Trustees*, 2 S.C.R. 267, 83 D.L.R. (3d) 480 (1978); *see Iowa Code Ann.* § 668A.1 (1986).

As stated above, the plaintiff is a resident and citizen of Alberta, Canada, whose injuries occurred in Alberta. The hay baler in which he was injured, although purchased in Canada by the plaintiff's father, was manufactured in Iowa for the defendant Massey Ferguson, Inc. by an Iowa corporation. Massey Ferguson's principal place of business is in Des Moines, Iowa, and it has conducted field tests of its hay balers in Iowa. Additionally, with respect to each claim for relief, the plaintiff alleges that the defendant's acts and omissions that resulted in his injury occurred in Iowa.

Defendant's alleged injurious conduct includes decisions pertaining to the hay baler's manufacture, failure to provide adequate warnings and instructions for its use, failure to take appropriate action to notify owners of known dangers in order to prevent accidents, and wanton and willful conduct. In summary, it appears that the defendant's allegedly wrongful conduct all occurred in Iowa, and it is merely fortuitous that the plaintiff's injury happened in Alberta.

The policy considerations of section 6 are important in considering whether or not the section 146 presumption should prevail. A key reason invoked by the Colorado Supreme Court for utilizing the "most signifi-

cant relationship" test was to provide a "fair level of predictability and uniformity" in applying choice-of-law principles. *Rostek* 514 P.2d at 320. It is important to note that the plaintiff in this action is a foreign national suing a United States corporation in a domestic forum. A substantial degree of uniformity and predictability is created when such a domestic corporation knows that the law of the state where it is headquartered, and where its products are manufactured, applies to products liability actions brought by foreign plaintiffs. Surely there is no injustice to a corporation in applying to it the laws of the state where it has chosen to locate its principle place of business.

The United States has a legitimate interest in assuring that domestic law is applied when a foreign plaintiff claiming to have been injured by an American corporation chooses a court in this country in seeking redress. The United States, and its fifty individual states, through law, can control and protect their domestic corporations as well as foreign customers. Such oversight, however, would not be as easily attainable if federal courts, instead of applying state law, were required to apply the law of other nations. While Canadian law may not pose serious problems, because of that nation's common law heritage, a general rule allowing parties in diversity cases to invoke the law of any foreign nation in preference to equally appropriate, but more familiar, state law, could cause substantial difficulties in administering justice. As world trade continues to increase, problems of discerning and correctly interpreting and enforcing foreign law could become onerous indeed.

Defendant argues that Canada has an interest in regulating conduct and commerce within its territory to see that its citizens are fully compensated for their injuries. However, Canada provides no strict products liability remedy and creates the bar of assumption of risk to preclude recovering even for negligently inflicted injuries. Iowa does not recognize this total bar to recovery, nor does Iowa require proof of negligence in product liability cases. Therefore, Canada's interest in protecting its citizens in the position of this plaintiff would be better served by applying Iowa law. Canada can complain of no harm if its citizen's claim is tried under Iowa law. *See generally Restatement (Second) Conflict of Laws* § 146 comment e (1969).

Moreover, the existence of unlimited punitive and exemplary damages in Iowa, illustrates that state's policy to deter, punish and make an example of, certain dangerous corporate conduct. This policy of Iowa is entitled to consideration in choosing between the forum where the defendant's conduct occurred and that where the ultimate injury befell the plaintiff. *See Restatement (Second) Conflict of Laws* § 145 comment c (1969).

Thus, because the alleged wrongful conduct occurred in Iowa, that state's interest would be best served by applying Iowa law to this action.

I conclude that the presumption of section 146 is outweighed by the principles outlined in sections 6 and 145, and hold that Iowa has the "most significant relationship" to the plaintiff's action.

Accordingly, it is ordered that Iowa law concerning strict liability, negligence, willful and wanton conduct, and damages will apply to this action.