Vanessa **LEWIS–DeBOER, individually and as personal representative of the Estate of James W. DeBoer, and for and on behalf of Justin Michael and Whitney Ryan DeBoer, the surviving minor children of James W. DeBoer, Plaintiffs,**

v.

**MOONEY AIRCRAFT CORPORATION, a New Jersey Corporation, Defendant.**

**Civ. A. No. 87–B–1139.**

United States District Court, D. Colorado.

Jan. 9, 1990.

---

James Keil, Brice A. Tondre, Madden & Strate, P.C., Wheat Ridge, Colo., for plaintiffs.

Mary A. Wells, David G. Mayhan, Weller, Friedrich, Ward & Andrew, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me is a choice of law question in this diversity jurisdiction products liability action for wrongful death and personal injury damages arising out of an aircraft crash on June 14, 1988 at Jefferson County Airport in Colorado. The pilot and his son were killed, and the son's wife, plaintiff here, was injured. There were no other passengers. Plaintiff brought this suit against Mooney Aircraft Corporation, for her injuries and on behalf of her husband's estate and their two children for her husband's death. Plaintiffs contend that the air crash was caused by a defect in and faulty maintenance of the latch to the cargo door.

The plane and the cargo door latch were designed, manufactured, promoted and sold by defendant in Texas, and the plane was certified as airworthy in Texas. Defendant's principal place of business is in Texas although defendant was incorporated in New Jersey. The plane was owned by a Texas partnership and hangered in Texas. The Pilot, plaintiff's father-in-law, was a citizen and resident of Texas. Plaintiff and her two children are Colorado citizens. Plaintiff's husband was also a Colorado citizen and resident. The short and fateful flight began in Colorado and tragically ended there. The planned destination was Loveland, Colorado.

The parties have submitted adequate briefs on the issue. Oral argument would not assist me in resolving this matter.

Plaintiffs contend that Texas damages law applies. Defendant contends that Colorado damages law applies. The choice of law is significant because the amount of damages available for personal injury and wrongful death differ greatly depending on which law applies. Under Texas law, there is no cap on the amount recoverable for non-economic personal injury. In addition, the uniform burden is preponderance of the evidence. *See* Tex.Civ.Prac. & Rem. § 41.001 *et seq.* In Colorado, personal injury recovery is limited to $250,000. If the court finds justification by clear and convincing evidence, the limit is increased to $500,000. Colo.Rev.Stat. 13–21–102.5(3)(a). In Texas, exemplary as well and actual damages are available in wrongful death actions. Tex.Civ.Prac. & Rem.Code Ann. § 71.009. Only net pecuniary damages are available in Colorado. Colo.Rev.Stat. 13–21–203.

Because jurisdiction in this action is based on diversity of citizenship, I must apply the choice of law rule of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Pound v. Insurance Co. of No. Am.*, 439 F.2d 1059, 1062 (10th Cir. 1971). Product liability cases are viewed

as tort actions in Colorado. *Florum v. Elliott Mfg. Co.*, 629 F.Supp. 1145, 1148 (D.Colo.1986), *modified,* 867 F.2d 570 (10th Cir.1989). When addressing multi-state tort controversies, Colorado applies the "most significant relationship" analysis found at §§ 145 *et seq.* of the Restatement (Second) of Conflict of Laws (1969). *First National Bank v. Rostek*, 182 Colo. 437, 514 P.2d 314 (1973).

To identify the state with the most significant relationship to the parties and the occurrence, I must consider the following factors which are listed in § 6 of the Restatement:

(a) the needs of the interstate and international systems;

(b) the relevant policies of the forum;

(c) the relevant policies of other relative interested states and the interests of those states in the determination of the particular issue;

(d) the protection of justified expectations;

(e) the basic policies underlying the particular field of law;

(f) certainty, predictability, and uniformity of result; and

(g) ease in determination and application of the law to be applied.

Section 145(2) of the Restatement identifies four contacts to consider when applying § 6 to determine the law applicable to a particular issue:

(1) the place where the injury occurred;

(2) the place where the conduct causing the injury occurred;

(3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and

(4) the place where the relationship, if any, between the parties is centered.

Under § 145, I must evaluate and assign a relative degree of importance to each contact with respect to the particular issue under consideration.

## I. PLACE OF INJURY

There is no dispute that the air crash and resulting injuries occurred in Colorado. However, the parties disagree as to the weight to give this factor relative to the other factors. In this personal injury and wrongful death action, unless another state has more significant relationship to the injury, I should apply the law of the state in which the injury occurred. Restatement (Second) Conflict of Laws, §§ 146 & 175; In re *Air Crash Disaster at Stapleton Int'l Airport,* 720 F.Supp. 1445, 1452 (D.Colo.1988).

In air crash disasters, the importance of the place of injury is "easily overcome because courts view the situs of injury as fortuitous." *Stapleton,* 720 F.Supp. at 1452. The doctrine of fortuity is typically found in commercial aircraft cases. *See, e.g., Stapleton,* 720 F.Supp. 1445; *In re Air crash Near Chicago,* 644 F.2d 594, 615 (7th Cir.), *cert. denied,* 454 U.S. 878, 102 S.Ct. 358, 70 L.Ed.2d 187 (1981). However, it has analogous application here. Like a commercial aircraft with scheduled flights, the air crash could have occurred in any state over which the plane flew. *See Stapleton,* 720 F.Supp. at 1452 n. 14.

The Seventh Circuit, applying the Restatement to a suit for money damages caused by a cracked mainframe on an aircraft apparently used for company business, stated "[i]t is widely recognized that the place of injury in cases involving aircraft accidents is almost always fortuitous, regardless of how often the aircraft had been flown over a particular area, and that the usual importance attached to the place of injury is therefore inappropriate." *Pittway Corp. v. Lockheed Aircraft Corp.,* 641 F.2d 524, 528 (7th Cir.1981). The doctrine of fortuity has also been applied in this jurisdiction in at least one non-air crash products liability case. *Kozoway v. Massey–Ferguson, Inc.,* 722 F.Supp. 641, 643 (D.Colo.1989) (Carrigan, J.). I conclude that the situs of the injury was fortuitous and warrants little weight.

## II. PLACE OF INJURING CONDUCT

The Restatement provides that where the place of injury is fortuitous, the place of

the alleged misconduct should be given greater weight. Restatement (Second) Conflict of Laws § 145(2) comment b; *see Pittway Corp.*, 641 F.2d at 528. Defendant contends that the place of the accident is the place of the injuring conduct. I disagree.

Contrary to defendant's assertion, *Florum*, 629 F.Supp. at 1148, does not stand for the rule that, in a products liability case under Colorado law, the location of the tort is necessarily the location of the injury. The choice of law issue in that case was summarily addressed and no Colorado authority was cited to support the conclusion that because the plaintiff sustained his injuries in, was treated in and was a resident of Colorado, Colorado law necessarily applied. It is possible that there were no compelling reasons to choose another state's law, although *Florum* does not engage in such detailed analysis. *See Kozoway*, 722 F.Supp. at 643.

Plaintiffs allege that defendant designed and produced a faulty cargo latch and that the defective latch caused injury and death. The ultimate crash, plaintiffs claim, was but a manifestation of previous misconduct. Defendant designed, manufactured, advertised and sold the allegedly defective latch in Texas. As such, the alleged tort occurred in Texas. This factor weighs in favor of applying Texas law.

### III. DOMICILE, RESIDENCE, NATIONALITY, PLACE OF INCORPORATION AND PLACE OF BUSINESS OF THE PARTIES

Plaintiffs are residents of Colorado. Defendant is a New Jersey corporation with its primary place of business is in Texas. Neither party suggests application of New Jersey law. The central issue regarding this factor is the comparative importance of plaintiffs' residence to defendant's principal place of business.

The importance of defendant's place of business is heightened because this is a products liability case. Defendants designed, manufactured, advertised and sold its aircraft, including the allegedly defective latch, in Texas. Texas is also the only state that defendants could be sure would have some relation to its business transactions. Furthermore, as discussed below, because Texas has a greater policy interest in applying its laws and providing deterrence than Colorado has in preventing a windfall to its citizens, more weight attaches to the defendant's principal place of business. Thus, this factor also weighs in favor of applying Texas law.

### IV. CENTER OF RELATIONSHIP, IF ANY, OF PARTIES

According to the plaintiffs, the only relationship between the parties was through the deceased pilot who visited defendant's Texas facility once. As plaintiffs agree, I do not consider this factor.

### V. POLICY CONSIDERATIONS

Application of Texas law is buttressed by the relative policy concerns of Colorado and Texas. The wrongful death recovery limits of Colorado serve two purposes: (1) to "negate any possibility of a windfall to the decedent's heirs by denying them compensation for injuries which were not their own," *Espinoza v. O'Dell*, 633 P.2d 455, 464 (Colo.1981), *cert. dismissed*, 456 U.S. 430, 102 S.Ct. 1865, 72 L.Ed.2d 237 (1982); and (2) to protect defendants from large verdicts, *see Bryant v. Silverman*, 146 Ariz. 41, 703 P.2d 1190, 1196 (1985); Note, Blind Imitation of the Past: An Analysis of Pecuniary Damages in Wrongful Death Actions, 49 Den.L.J. 99, 105–06 (1972).

Defendant has no significant links to Colorado. Thus, defendant cannot claim the benefit of the second interest. As to the first, prevention of windfall to plaintiffs, the policy underpinnings of this rule are not clear.

Plaintiffs may obtain what Colorado law perceives as a "windfall" if Texas law is applied. To that extent, the policy interest of Colorado is transgressed. However, it

is apparent that a meritorious goal of the Texas law is to deter harmful conduct. In this case defendant's alleged harmful conduct occurred in Texas and defendant otherwise has close ties to Texas. Application of Texas law furthers that state's policy interests.

In *Kozoway*, 722 F.Supp. 641 (D.Colo. 1989), an Alberta, Canada resident brought suit against an Iowa-based manufacturer of a hay baler for strict liability, negligence, and willful and wanton conduct for injuries sustained while using the baler in Alberta. Defendant contended that Alberta's law should apply, while plaintiff argued for Iowa law. Judge Carrigan applied Iowa law, stating:

> [T]he existence of unlimited punitive and exemplary damages in Iowa, illustrates that state's policy to deter, punish and make an example of, certain dangerous corporate conduct. This policy of Iowa is entitled to consideration in choosing between the forum where the defendant's conduct occurred and that where the ultimate injury befell the plaintiff. [Citation omitted].
>
> Thus, because the alleged wrongful conduct occurred in Iowa, that state's interest would be served by applying Iowa law to this action.

*Id.* at 644. Here too, Texas' public interest is great in deterring wrongful conduct on the part of those who choose to do business in Texas.

Moreover, application of Colorado law fails to deter future misconduct in either Colorado or Texas. Rather, Colorado's interest in providing safe travel through its airspace is advanced by applying Texas law. *See Bryant*, 703 P.2d at 1195. Balancing the competing states' interests here, I conclude that Texas has the greater interest in the outcome of the litigation than does Colorado.

There is value to predictability. However, that value is diminished when parties cannot give advance thought to the legal consequences of their transactions. Airplane accidents are by definition unplanned, leaving certainty considerations largely irrelevant. *See Bryant*, 703 P.2d

at 1195. Furthermore, defendant was able to foresee application of Texas law in the case of an accident because "there is no injustice to a corporation in applying the law of the state where it has chosen to locate its principal place of business." *Kozoway*, 722 F.Supp. at 644.

It is therefore ORDERED that the Texas law of damages governs this suit.